## Irwin E. Fosnaugh, Administrator of the estate of Mrs. James A. Fosnaugh, deceased, v. James H. Jiles, Appellant.

BANKRUPTCY—*sufficiency of plea of discharge.* A plea setting up a discharge to J. H. Jiles, if defective in not averring that the defendant James H. Jiles is the person mentioned in the discharge, is defective only in form and cannot be attacked by a general demurrer.

Action in *assumpsit* on a note. Appeal from the Circuit Court of DeWitt county; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded with directions. Opinion filed March 15, 1912.

W. F. GRAY, for appellant; L. E. STONE, of counsel.

JOHN FULLER and L. O. WILLIAMS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Plaintiff began this suit in *assumpsit* to recover on a promissory note executed by the defendant on February 26, 1906. Among other pleas, the defendant filed an amended plea averring that after the making of the said supposed promises in the declaration mentioned, and before the commencement of this suit, on, to-wit, May 24, 1907, the United States Court of the Southern District of Illinois granted to the defendant a certain discharge in bankruptcy in words and figures following, setting up in *haec verba* a discharge to J. H. Jiles, and further avers that the supposed cause of action and each of them in the said declaration mentioned are in respect to a debt and claim provable against the estate of the defendant, which existed on May 2, 1906, and are not any of them excepted from the operation of a discharge in bankruptcy, and prays judgment, etc. The plaintiff filed a general demurrer which was sustained and defendant abided by his

plea. Judgment was rendered in favor of the plaintiff. The defendant appeals.

The only contention urged by appellee as a cause for sustaining the demurrer is that the plea is defective in not averring that the defendant, James H. Jiles, is the J. H. Jiles mentioned in the discharge. The plea avers that the United States Court on etc., granted to the defendant a discharge in words and figures to-wit, etc. If there is any defect in the plea it is one in form and not in substance and could not be taken advantage of by a general demurrer. The court erred in sustaining the demurrer to the plea of discharge in bankruptcy. The judgment is reversed and the cause remanded with instructions to the trial court to overrule the demurrer to the amended plea.

*Reversed and remanded with directions*